IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN E. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2286 |
| | § | |
| BILL WHITE, CITY OF HOUSTON, | § | |
| SHIRLEY DELIBERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Plaintiff Kristen E. Jones and defendants Bill White and the City of Houston submitted competing proposed preliminary injunction orders implementing this court's findings of fact and conclusions of law issued on October 11, 2006. (Docket Entry No. 151). There are three differences between the two proposed forms of order.

First, the parties disagreed as to whether the City must provide plaintiff with a copy of bids for contractors to repair or rebuild curbs and ramps that the City has approved and submitted to City Council for its approval. The plaintiff wants the City to provide counsel for plaintiff a copy of the bids submitted for City Council's approval. The City does not want to include this provision in the injunction. Second, the parties disagreed as to whether the City must advise plaintiff's counsel of the completion of the work and inspections required in the injunction within ten days after completion (plaintiff's proposal) or also advise the court within fifteen days of the City's inability to meet the timetable provided

under the injunction and the reasons for the delay (defendants' proposal). Third, the parties disagreed as to whether to include ADAAG/TAS standards in the order, either by setting them out in the injunction order or attaching them to the order.

As to the first disputed area, this court does not require the City to provide counsel for plaintiff with a copy of correspondence transmitting to City Council bids for the curb and ramp work. The record does not disclose a need for such notice, given the timetable established. It will not be included in the injunction order.

As to the second disputed area, defendants' proposal is to supplement the requirement of notifying counsel for plaintiff within ten days after the work is completed and inspected with a requirement to notify the court within fifteen days of the City's inability to meet any of the deadlines and the reasons for the delay. The plaintiff's proposal does not provide a mechanism for the defendants to notify the plaintiff in the event of delay. The defendants' proposed additional provision involves the court whenever there is a delay, which may be unnecessary. Instead, the injunction requires the defendants' to notify the plaintiff's counsel promptly in the event of a delay and explain the reason and the likely amount of additional time required. Recourse to the court to seek additional enforcement action is permitted but should not be frequent or routine.

The third disputed area is whether to include or attach the ADAAG and TAS standards that apply. Rule 65(d) requires that an injunction order "set forth the reasons for its issuance; . . . be specific in terms; [and] . . . describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." FED.

R. CIV. P. 65(d). "The drafting standard established by Rule 65(d) is that an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2955 (1974–1995).

Rule 65(d) prohibits incorporation by reference to other documents to satisfy the requirement that the enjoined acts be described. *See, e.g., Thomas v. Brock*, 810 F.2d 448, 450 (5th Cir. 1987) (finding an injunction that enjoined the defendants from violating the applicable statutes and regulations by individuals or organizations operating in ways similar to that described in the findings and conclusions entered in a separate document filed on the same date to violate Rule 65(d) because "to get a description of the conduct enjoined, it is necessary to refer from the injunctive order to the findings of fact and conclusions of law").

In *Gulf King Shrimp Company v. Wirtz,* 407 F.2d 508 (5th Cir. 1969), the court approved an injunction that ordered certain employment records to be kept, prohibited the employment of "any oppressive child labor," and also made reference to certain applicable statutory provisions. The reviewing court stated:

> The fact that the decree includes specific references to sections of the Fair Labor Standards Act is not, as here used, inconsistent with the requirements of Rule 65(d). It is significant that the injunction does not engraft the statute in gross . . . or rely on the statute for clarification of what is otherwise unclear in the decree itself. It merely supplements specific instructions in the decree with the statutory authority from which the right to issue such instructions derives. The statutory material is thus given as a parenthetical reference, not as a substantive command.

*Id*. at 516.  The commentary on this decision is instructive.  "Despite the court's refusal to

3

apply Rule 65(d) literally, a person reading the injunction in the Gulf King Shrimp case would find it hard to determine exactly what had been ordered or prohibited without examining the statute and regulation referred to in the injunction's operative provisions." CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2955 (1974–1995).

In the present case, referring by reference to the ADAAG/TAS standards would not only literally violate Rule 65(d), it would fail to meet the purpose of the prohibition on incorporation by reference. In this case, unlike *Gulf King Shrimp*, the statutes and regulations are not simply the sources of authority for the court's order, they are "substantive commands." The ADAAG and TAS standards should be included in the preliminary injunction order with language necessary to make this consistent with the provision that the City may exceed the minimum ADAAG or TAS standards and may adopt amended or supplemented ADAAG or TAS standards.

A proposed injunction order consistent with this memorandum and opinion is separately entered. On **October 30, 2006, at 5:00 p.m.**, the court will hold a hearing to discuss the final form of injunction order.

SIGNED on October 23, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge