IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KRISTEN E. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2286 |
| | § | |
| BILL WHITE, CITY OF HOUSTON, | § | |
| SHIRLEY DELIBERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON MOTION FOR ENTRY OF FINAL JUDGMENT**

The plaintiff Kristen Jones has filed a motion asking this court to enter final judgment. (Docket Entry No. 159). The parties are agreed as to the language of the final judgment, with one exception. Jones asks that the judgment include not only the nominal damages that were the subject of an earlier memorandum and opinion, but also an award of "all taxable costs." (*Id.* at 1). The defendant, the City of Houston, opposes the award of taxable costs.

Rule 54(d) of the Federal Rules of Civil Procedure states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.

Taxable costs under Federal Rule of Civil Procedure 54(d) are defined by 28 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses; (4) fees for exemplification and copying "of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation

of court-appointed experts and interpreters. Rule 54(d)(1) does not authorize a court to award costs not included in the statute. *Crawford Fitting Company v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); *see also Berry v. American Sec. Life Ins. Co.*, 2002 WL 32397265 (S.D.Miss. 2002).

Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs." *Pancheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citing *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)). "[T]he prevailing party is *prima facie* entitled to costs," and denial of costs is "in the nature of a penalty." *Id.* at 793–94 (citing *Schwarz*, 767 F.2d at 131). A court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* at 794 (citing *Schwarz*, 767 F.2d at 131). The City has not argued that Jones is not a prevailing party. Nor has the City identified a reason to refuse Jones's request for costs under Rule 54(d)(1). The final judgment will include a provision awarding taxable costs to Jones, under Rule 54(d).

SIGNED on January 16, 2007, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

2