**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KRISTEN E. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-03-2286 |
| | § | |
| BILL WHITE, CITY OF HOUSTON, | § | |
| SHIRLEY DELIBERO, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

In 2003, Kristen E. Jones brought this disability discrimination suit challenging the impact on wheelchair accessibility of two specific traffic mobility plans developed by the City of Houston and the Metropolitan Transit Authority of Harris County ("METRO"). Jones moved for an injunction. The parties conducted discovery and this court held evidentiary hearings. On August 29, 2006, this court entered extensive findings and conclusions and granted in part Jones's motion for a permanent injunction on her claims against the City under the Americans with Disabilities Act, 42 U.S.C. §§ 12131 *et seq.* (Docket Entry No. 140). Final judgment was entered on January 16, 2007. (Docket Entry Nos. 160, 161). Following additional extensive briefing, this court awarded Jones costs and attorneys' fees. (Docket Entry No. 170). On October 12, 2007, Jones filed notice that the judgment had been satisfied in full. (Docket Entry No. 174).

On January 26, 2010, Jones's father, Ray A. Jones, filed a letter with this court on behalf of his adult daughter, requesting that this case be reopened. (Docket Entry No. 177). Kristen Jones was represented by counsel while this case was active, but she and her father want to reopen and pursue it *pro se.* They seek reconsideration of certain aspects this court's earlier rulings in the hopes

of obtaining further injunctive relief ordering the City (and possibly METRO) to reform its mobility plan more broadly.  (Docket Entry No. 177).  The City has responded, opposing the motion to reopen.  (Docket Entry No. 178).

The judgment in this case has long since achieved finality.  No appeal was taken.  A motion to alter or amend a judgment may be filed under Rule 59(e) or a motion for relief from a judgment or order may be filed under Rule 60(b).  *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998).  Under the version of Rule 59(e) in effect when this court entered final judgment, a motion to alter or amend must have been filed within ten days of the entry of judgment; the deadline is now fourteen days.  *Steadfast Ins. Co. V. SMX 98, Inc.*, No. 06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009).  Jones filed her motion more than three years after entry of final judgment.  Her motion must be considered under Rule 60(b).

Rule 60(b) sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment.  FED.R.CIV.P. 60(b)(1)-(5).  Rule 60(b)(6) also provides that a court may relieve a party from a final judgment for "any other reason that justifies relief."  FED.R.CIV.P. 60(b)(6).   Relief under Rule 60(b)(6) is only granted when "extraordinary circumstances" are present.  *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.1995) (citations omitted).

Jones has not presented a basis for granting relief from the judgment under the applicable law.  To the extent Jones seeks to pursue claims involving a broader geographic area or a broader set of issues than in the original litigation, her motion presents what is effectively a new lawsuit.

The City argues that such a complaint "would appear to run afoul of those traditional notions related to issue preclusion and/or *res judicata*." (Docket Entry No. 178). If Jones does file a new suit, the City may raise its preclusion arguments as a defense. *See* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4405, at 82 (2d ed. 2002) ("Ordinarily both issue preclusion and claim preclusion are enforced by awaiting a second action in which they are pleaded and proved by the party asserting them."); *see also Midway Motor Lodge v. Innkeepers' Telemanagement & Equip. Corp.*, 54 F.3d 406, 409 (7th Cir. 1995) ("In the law of preclusion, however, the court rendering the first judgment does not get to determine that judgment's effect.").

The motion to reopen, Docket Entry No. 177, is denied.

SIGNED on April 5, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

3